IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSEMARY GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1673 |
| | § | |
| TEXAS DEPARTMENT OF STATE | § | |
| HEALTH SERVICES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Texas Department of State Health Services' Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 15). After carefully considering the motion, responses, and the applicable law, the Court concludes as follows.

I. Background

In this Age Discrimination in Employment Act ("ADEA") case, Plaintiff Rosemary Griffin asserts in her First Amended Complaint that Defendant Texas Department of State Health Services (the "Department"), with whom she had a contract of employment, discriminated against her by failing to promote her on "on the basis of her age" on multiple occasions, and that it retaliated against her after she complained of the alleged discrimination.[1]

---

[1] *See* Document No. 12 ¶¶ 2, 8 (First Am. Cmplt.).

A.     EEOC Charges and Right-to-Sue Letters

Plaintiff within 20 months' time filed two charges against the Department with the Equal Employment Opportunity Commission ("EEOC"). She filed the first on October 31, 2007, asserting that her supervisor denied her promotions in 2006 and 2007 based on race, age, and disability discrimination.[2] The EEOC issued a "no finding" determination and right-to-sue letter on this charge on November 24, 2008.[3] Plaintiff filed her second EEOC charge on May 15, 2009, alleging that she was terminated or constructively discharged from the Department, and that prior to the end of her employment, the Department intentionally carried out a course of conduct which inflicted emotional distress upon her due to her gender and age, and "retaliated against [her] by continuing the same or similar actions" after she asserted her rights.[4] The May 15, 2009 EEOC charge, upon which Plaintiff bases this suit, contained no allegations that Plaintiff was "repeatedly passed over for existing jobs or promotions" due to her age, as she had alleged in her First Amended Complaint. The EEOC issued a right-to-sue letter on the second charge on December 17, 2009.[5] In the

---

[2] Document No. 6, ex. 1.

[3] Id., ex. 2.

[4] Id., ex. 3.

[5] Id., exs. 4, 5.

2

meantime, Plaintiff filed this suit in Texas state court on December 8, 2009.[6]

B.  Original Complaint and Motion to Dismiss

In her Original Petition, Plaintiff asserted age and gender discrimination under Title VII and 42 U.S.C. § 1981 in addition to her ADEA claims.[7] The Department removed the case and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which the Court addressed at the Rule 16 Scheduling Conference on September 17, 2010.[8] In its motion, the Department asserted that: (1) Plaintiff failed to exhaust her administrative remedies on her gender discrimination claims; (2) her failure-to-promote gender and age discrimination claim (which *was* alleged in her October 31, 2007 EEOC charge) was time-barred; (3) Plaintiff failed to allege any adverse employment action to support her claim of retaliation; (4) no section 1981 claim could lie against a state agency; and (5) age and gender discrimination at any rate are not actionable under section 1981.[9]

---

[6] Document No. 1, ex. 2-1 (Orig. Pet.).

[7] *See* id.

[8] *See* Document No. 10 (Minute Entry Order).

[9] Document No. 6 at 6.

At the Rule 16 conference, "[u]pon agreement of the parties," the Court dismissed with prejudice Plaintiff's section 1981 claims, her Title VII sex discrimination claims, and "her claims asserting Defendant's failure to promote her on the basis of age discrimination as alleged in her October 31, 2007 EEOC Charge."[10] The Court also granted Plaintiff leave to file a more definite statement of her retaliation claim "[b]ecause of the insufficiency of [her] allegation of retaliation," and directed that her amended complaint omit the dismissed claims.[11]

C.  Amended Complaint and Present Motion to Dismiss

Plaintiff's First Amended Complaint states that it is predicated on claims "accruing after the filing of her first charge of discrimination," on October 31, 2007.[12] The First Amended Complaint alleges the following:

> Plaintiff was excluded from job advancements, openings, and promotions on the basis of her age, in violation of the Age Discrimination in Employment Act.
>
> ...
>
> Plaintiff was retaliated against after complaining of the failure to promote her on account of her age. Specifically, after complaining of discrimination against her on account of her age, defendant subjected plaintiff

---

[10] Document No. 10.

[11] Id.

[12] Document No. 12, ¶ 5 (First Am. Complt.)

4

> to a [sic] an intimidating, hostile and offensive working environment that unreasonably interfered with plaintiff's work performance and negatively affected her advancement opportunities, in violation of the antidiscrimination provisions of the Age Discrimination in Employment Act. Specifically, defendant's supervisors repeatedly and baselessly verbally abused plaintiff in the workplace, by accusing her of incompetence, inefficiency and a poor attitude.[13]

The Department has moved to dismiss this amended complaint, asserting that Plaintiff's failure-to-promote claim is barred by the Court's prior order dismissing that claim with prejudice, and once more contending that Plaintiff fails sufficiently to allege a claim for retaliation because she fails to state a claim for hostile work environment.[14]

## II. Discussion

### A. Failure-to-Promote Age Discrimination

Plaintiff's failure-to-promote age discrimination claim was raised by Plaintiff *only* in her first EEOC charge filed October 31, 2007. It is that claim that the Court dismissed at the Rule 16 Conference because it was time-barred, and Plaintiff agreed. *See* 29 U.S.C. § 626(e) (civil action under the ADEA may be brought within 90 days after receipt of a notice of dismissal or termination of EEOC investigation); Lauderdale v. City of

---

[13] Document No. 12 ¶ 8 (First Am. Cmplt.).

[14] Document No. 15 at 2.

Arlington, 58 F. App'x 596, 2003 WL 261821, at *1 & n.1 (5th Cir. Jan. 17, 2003) (unpublished op.) (noting that the district court properly concluded that charges of discrimination found in first and second of four total EEOC charges could not form the basis of a lawsuit brought more than 90 days after the right-to-sue letters had issued under both of the first two charges).

Plaintiff's present claims of age discrimination for failure to promote reiterated in her First Amended Complaint--for the time period *after* October 31, 2007, the date of her first EEOC charge-- must also be dismissed. These claims were not alleged in her second EEOC charge filed May 15, 2009, and Plaintiff has pointed to no other administrative charges asserting age discrimination for failure to promote after the filing of her October 31, 2007 charge.

"A suit that flows from an EEOC complaint is limited by charges of discrimination 'like or related to' allegations contained in the EEOC complaint," Stith v. Perot Sys. Corp., 122 F. App'x 115, 118 (5th Cir. 2005) (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)), which may include "the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Sanchez, 431 F.2d at 466.[15] A charge of age discrimination for failure to

---

[15] This standard results from a reconciliation of two "competing policies" that underlie judicial interpretation of Title VII's exhaustion requirement: (1) liberally construing EEOC charges because Title VII was designed "to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship"

promote could not reasonably be expected to grow out of Plaintiff's May 15, 2009, EEOC charge, which alleged only that the Department "terminated or constructively terminated" her by: subjecting her to "abusive working conditions," setting "arbitrary and capricious goals and quotas . . . with the intent to force [Plaintiff] from [her] job for pretextual reasons," and retaliating against her by continuing the same actions after she asserted her rights.[16] Nowhere does the charge make any mention of any position to which Plaintiff alleged she was not promoted, nor does it reference any open position or facts relating to an open position. *See* Mathes v. Harris Cnty., Tex., 31 F. App'x 835, 2002 WL 243260, at *3 (5th Cir. Jan. 17, 2002) (holding that a plaintiff's EEOC charge did not encompass a failure-to-promote claim where: (1) the charge, which alleged the plaintiff was dismissed from the county sheriff's academy in violation of the Americans with Disabilities Act, "did not address the issue of inability to be promoted [in the plaintiff's current division of employment with the county]

---

and (2) giving effect to the primary purpose of Title VII, which is to trigger the EEOC's investigatory and conciliatory procedures in order to "achieve non-judicial resolution of employment discrimination claims." McClain v. Lufkin Indus., 519 F.3d 264, 273 (5th Cir. 2008) (quoting and discussing Pacheco v. Mineta, 448 F.3d 783, 788-79 (5th Cir. 2006); Sanchez, 431 F.2d at 465)). "The same principles apply to ADEA . . . claims." Contreras v. Coastal Bend Coll. Dist., No. C-08-40, 2008 WL 4966909, at *3 (S.D. Tex. Nov. 19, 2008) (citing Evenson v. Sprint/United Mgmt. Co., No. 3:08-CV-0759-D, 2008 WL 4107524, at *6 (N.D. Tex. Aug. 21, 2008)).

[16] Document No. 6, ex. 3 at 2.

resulting from the dismissal," and (2) there "were no supervisory positions available during the relevant time frame, and [the plaintiff] admits that he has never applied for such a position"); *cf.* Colbert ex rel. Colbert v. Lone Star Park at Grand Prairie, No. 3:01-CV-02321-P, 2003 WL 21517820, at *5 (N.D. Tex. Apr. 15, 2003) ("[F]ailure to hire and failure to promote claims . . . are not reasonably related to a previously filed EEOC charge complaining only of a discriminatory discharge." (citing Chester v. Am. Tel. & Tel., 907 F. Supp. 982, 987 (N.D. Tex. 1994)).

Thus, because Plaintiff never presented to the EEOC a charge of age discrimination for failure to promote after October 31, 2007, she failed to exhaust administrative remedies on that claim, and it must be dismissed. *See* Julian v. City of Houston, Tex., 314 F.3d 721, 725 (5th Cir. 2002) ("[A] person seeking relief under the ADEA must first file an administrative charge with the EEOC." (citing Clark v. Resistoflex Co., 854 F.2d 762, 765 (5th Cir. 1988))).

B.  Hostile Work Environment and Retaliation

1.  Legal Standards

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or

8

admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

2.  Sufficiency of Pleadings

The ADEA makes it unlawful, *inter alia*, for an employer to retaliate against any employee because the employee has opposed any practice made unlawful by the statutory provisions protecting persons against age discrimination. *See* 29 U.S.C. § 623(d). An action is retaliatory when it is such that it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir. 2008) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006) (internal quotation marks omitted)).[17] Here, Plaintiff asserts that the Department took such an action by subjecting her to "an intimidating, hostile and offensive working environment" wherein her "supervisors repeatedly and baselessly verbally abused plaintiff in the workplace, by accusing her of incompetence, inefficiency and a poor attitude."[18]

The Department urges that Plaintiff's "hostile work environment claim should be dismissed," *and* that her "retaliation

---

[17] Although Burlington discusses the standard for an adverse employment action under *Title VII* retaliation claims, the same standard is applied to ADEA retaliation claims because the two statutes are not materially different with respect to retaliation. *Compare* 42 U.S.C. § 2000e-3(a) (Title VII) *with* 29 U.S.C. § 623(d) (ADEA); *see also* Butler v. La. Dep't of Health and Hosps., No. 07-723-SCR, 2009 WL 2382556, at *6 n.32 (M.D. La. July 31, 2009) (citing Johnson v. McGraw-Hill Cos., 451 F. Supp. 2d 681, 710 (W.D. Pa. 2006)).

[18] Document No. 12 ¶ 8 (First Am. Cmplt.).

claim should be dismissed" for the same reasons, because her retaliation claim is based only upon the Department's alleged creation of a hostile work environment.[19] However, Plaintiff's complaint only advances the latter claim--retaliation by subjecting her to a "hostile and offensive working environment that unreasonably interfered with plaintiff's work performance and negatively affected her advancement opportunities."[20] It does not assert a separate claim for a hostile work environment in and of itself.[21] The Court thus will address only the retaliation claim based upon the retaliatory action of allegedly fostering a "hostile and offensive working environment."[22]

---

[19] Document No. 15 at 6-7.

[20] Document No. 12 ¶ 8.

[21] *See* Document No. 12 ¶ 2 ("This is a case alleging age discrimination . . . and for [sic] retaliation."); id. ¶ 8(b) ("Plaintiff was *retaliated against* . . . ." (emphasis added)).

[22] The Fifth Circuit has never actually recognized a claim for "retaliatory hostile work environment." Thomas v. City of Shreveport, No. 06-1078, 2008 WL 4291211, at *11 (W.D. La. Sept. 15, 2008). Each of the two times it has been presented with a case wherein the district court dismissed a plaintiff's retaliatory hostile work environment claims, the Fifth Circuit has declined to reach the issue, instead affirming on the basis that the plaintiff failed to establish a *prima facie* case of retaliatory hostile work environment, even were such a claim to be recognized. *See* Fallon v. Potter, 277 F. App'x 422, 424 & n.3 (5th Cir. 2008) (unpublished op.); Bryan v. Chertoff, 217 F. App'x 289, 293 (5th Cir. 2007) (unpublished op.). However, the Fifth Circuit did note that "[a]t least the Second, Sixth, Seventh, Ninth, and Tenth Circuits have adopted this cause of action." Bryan, 217 F. App'x at 293 n.3 (citing cases). Regardless, the Department makes no argument that dismissal under Rule 12(b)(6) is appropriate in light of the Fifth Circuit's lack of recognition of the claim to date, so the Court

11

The Department asserts that Plaintiff's complaint must be dismissed because she "does not allege any ridicule or insult that would alter the conditions of her employment," and "does not allege any facts suggesting any of those comments were connected in any way to her age." The Department contends only that Plaintiff's claims fail to meet the standard for a hostile work environment claim, which requires, *inter alia*, that "the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create a hostile or abusive working environment."[23] Although this is a stricter standard than that applied to determine whether an action is retaliatory,[24] neither party addresses whether the more lenient retaliation standard announced in Burlington should be applied to assess Plaintiff's retaliation claim. *See* Khan v. HIP Centralized Lab. Servs., Inc., No. CV-03-2411, 2007 WL 1011325, at *9 (E.D.N.Y. March 30, 2007) ("It is, however, unclear whether the Supreme Court's decision in Burlington Northern, 126 S. Ct. 2405, altered the standard for

---

will assume for the purposes of this motion that Plaintiff may recover under a "retaliatory hostile work environment" theory.

[23] Document No. 15 at 5-6 (citing Harris v. Forklift Sys., Inc., 114 S. Ct. 367, 370 (1993)).

[24] As noted previously, an action is retaliatory if it merely would dissuade a reasonable worker from making a charge of discrimination. *See* Burlington, 126 S. Ct. at 2415.
12

retaliatory hostile work environment claims."); *see also* Bryan v. Chertoff, 217 F. App'x 289, 293 (5th Cir. 2007) (unpublished op.) ("We need not decide whether to recognize a retaliatory hostile work environment claim or, if such a claim existed, what effects Burlington Northern were to have on the plaintiff's burden to prove actionable harm.").

Regardless of which standard properly applies, however, in this case when applying even the stricter hostile work environment standard, Plaintiff has sufficiently stated a claim for relief. She alleges that her supervisors' "repeated[]" accusations of incompetence, poor attitude, and inefficiency were "baseless," and that the "verbal abuse" followed her complaints about age discrimination. While these factual allegations are not a model of specificity, they permit a reasonable inference that the purported bases for the reprimands were pretexts, and that the "verbal abuse" was in fact due to Plaintiff's filing of her age discrimination complaint. Further, that she was "baseless[ly]" reprimanded by her supervisors suggests that she suffered from excessively harsh criticism or expectations that, given their source, may have affected a "condition" of her employment. Although verbal abuse must clear a significant threshold before it is found actionable as a hostile work environment claim, whether it does so is a fact-intensive inquiry. *See* Mota v. Univ. of Tex. Houston Health Science Ctr., 261 F.3d 512, 523-24 (5th Cir. 2001) ("Whether an

13

environment is hostile or abusive depends on a totality of circumstances, focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." (quoting Weller v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996))).

At this stage, Plaintiff's complaint need not survive such an inquiry; instead, it is enough that Plaintiff merely "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted); *see also* Swierkiewicz v. Sorema N. A., 122 S. Ct. 992, 995 (2002) (holding that "a complaint in an employment discrimination lawsuit [need not] contain specific facts establishing a prima facie case of discrimination," but must only meet the standards of Rule 8). Plaintiff's claims clear this threshold; they do not merely allege that she was harassed, but further state *how* she was harassed, and by whom. Thus, this is not a case, as the Department asserts, where Plaintiff has "failed to allege *any* facts relating to . . . harassment." McAdoo v. Tex., 565 F. Supp. 2d 733, 739 (E.D. Tex. 2005) (emphasis added); *cf.* E.E.O.C. v. SDI of Grapevine Tex., No. 3:08-CV-1606-L, 2009 WL 1469779, at *2 (N.D. Tex. May 27, 2009) (holding pleadings of a

sexually hostile work environment insufficient where the plaintiff made only the "wholly conclusory" allegations that the employee "was subjected 'to a sexually hostile environment based upon her sex' and that she was deprived of 'equal employment opportunities because of her sex'"). The complaint need not specifically allege "the severity of the harassment or the frequency of such alleged unlawful acts." Lowe v. Am. Eurocopter, LLC, No. 1:10CV24-A-D, 2010 WL 5232523, at *9 (N.D. Miss. Dec. 16, 2010) (denying a Rule 12(b)(6) motion to dismiss a plaintiff's disability-based hostile work environment claim where she alleged "she was 'treated differently' and forced to perform 'more and additional work' than other employees due to her obesity"). Accordingly, the Department's motion to dismiss will be denied with respect to Plaintiff's retaliation claim.

### III. Order

Based on the foregoing, it is

ORDERED that Defendant Texas Department of State Health Services' Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 15) is GRANTED IN PART with respect to Plaintiff's failure-to-promote claim, which is hereby DISMISSED. The motion is

otherwise DENIED, leaving to be adjudicated Plaintiff's retaliatory hostile work environment claim.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 24th day of February, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE